```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

TERRY LEE PASSMORE SWANN, AS      )
ADMINISTRATOR OF THE ESTATE OF    )
MERRI ELIZABETH PASSMORE,         )
                                  )    CIVIL ACTION NO.
       Plaintiff.                 )
                                  )    03-AR-0011-S
v.                                )
                                  )
SOUTHERN HEALTH PARTNERS,         )
INC., et al.,                     )
                                  )
       Defendants.                )
                                  )
```

FILED
03 APR 22 PM 3:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 22 2003

## MEMORANDUM OPINION

Before the court is a motion to dismiss by defendant Larry E. Staton ("Staton"), Sheriff of Blount County. Plaintiff, Terry Lee Passmore Swann ("Swann"), as administrator of the estate of Merri Elizabeth Passmore ("Passmore"), filed her complaint on January 3, 2003, alleging violations of Passmore's Eighth and Fourteenth Amendment rights while she was incarcerated in the Blount County Jail. Staton was originally sued only in his official capacity as Sheriff of Blount County. Staton moved to dismiss the action based upon Eleventh Amendment immunity. Swann conceded this motion but filed a motion to amend her complaint to change the suit against Staton from one in his official capacity to one in his individual capacity. The court granted Swann's motion and the complaint was amended accordingly.

Staton now files another motion to dismiss on two grounds:

(1) the bar of the two year statute of limitations, and (2) qualified immunity. The court will not address the weaker statute of limitations argument because it agrees with Staton that he is entitled to qualified immunity.

Passmore was incarcerated at the Blount County Detention Center from January 3, 2001 to January 9, 2001.  Swann alleges that Staton failed to adequately train personnel at the Blount County Jail and that Staton maintained a custom and policy of providing inadequate medical care to inmates at the Blount County Jail.  Staton says that he is entitled to qualified immunity and that Swann's claims should be dismissed because his actions or inactions did not violate clearly established constitutional rights of which a reasonable person similarly situated would have known. *See Lancaster v. Monroe County,* 116 F3d 1419, 1424 (11th Cir. 1997). The Eleventh Circuit has made clear that "qualified immunity protects governmental actors is the usual rule; only in exceptional cases will governmental actors have no shield against claims made against them in their *individual capacities*." *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146 (11th Cir. 1994)(en banc)(emphasis in original)(footnote omitted).  Mere statements of broad legal truisms are not sufficient to overcome qualified immunity. *Post v. City of Ft. Lauderdale,* 7 F.3d 1557 (11th Cir. 1993).

Staton argues convincingly that the amended complaint fails

2

to state a claim, for three reasons: (1) it fails to allege a constitutional violation, (2) even if it does state a constitutional violation, it does not show, on its face, that Staton had "fair warning" that his acts or omissions violated clearly established law, and (3) because the amended complaint is devoid of any allegations directly against Staton and can only be read as attempting to impose vicarious liability on Staton.

The factual averments in the amended complaint can be summed up as alleging that within a six day period Passmore entered the jail, notified the jail staff and medical staff that she had an unspecified medical condition, entered the jail's medical section, provided a diagnostic urine sample that indicated an infection, signed a recognizance bond, and received transportation to the Blount County Medical Center. This does not add up to a constitutional violation, and even under the facts alleged, Staton is not shown to have been deliberately indifferent to any serious medical need Passmore may have had. To state an Eighth Amendment claim, a plaintiff must allege facts tending to show that the jailer was deliberately indifferent to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). None of the averments in the amended complaint demonstrate that Staton even knew of Passmore's incarceration, let alone that she had a serious need for medical treatment. Consequently, Swann's amended complaint fails to satisfy the

3

subjective prong of deliberate indifference.

Further, Swann's amended complaint lacks any factual allegations that Staton had notice that the training of the medical staff and/or the treatment being provided to inmates was inadequate. A failure to train claim is viable under 42 U.S.C. § 1983 only where the failure to train "reflects a 'deliberate' or 'conscious' choice." *City of Canton v. Harris,* 489 U.S. 378, 389 (1989). In order to state a claim that Staton was deliberately indifferent for failing to train his staff, Swann "must present some evidence that [Sheriff Staton] knew of a need to train and/or supervise in a particular area and [Sheriff Staton] made a deliberate choice not to take action." *Gold v. City of Miami,* 151 F.3d 1346 (11th Cir. 1998)(citations omitted). The facts, as set forth in the amended complaint, at best, allege that the medical care given to Passmore was inadequate. There is no factual allegation whatsoever that Staton knew that the medical care provided at the jail was inadequate or that Staton made a choice to provide inadequate care to inmates in general or Passmore specifically. If Staton had personally undertaken to provide medical care he might be subject to constitutional criticism for the inadequacy of his diagnostic skill, but he used ostensibly skilled professionals, and there is no allegation that he knew them to be incompetent or even that they were in fact incompetent.

4

Swann also fails to identify a single harm-causing custom or policy attributable to Staton. The only customs and policies of Staton that are apparent from the amended complaint are that he established a medical section in the jail and allowed doctors under contract with Blount County to treat the inmates. Furthermore, there is no allegation that Staton participated in, or interfered with, the medical decisions related to the treatment of Passmore. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106.

Even if Swann's amended complaint could be construed to allege a constitutional violation, Staton is still entitled to qualified immunity. Assuming that Staton was acting with discretionary authority, Swann must allege facts showing that Staton violated preexisting, clearly established law that provided him with "fair warning" that his actions and/or omissions were in violation of federal law. *Hope v. Pelzer,* 122 S.Ct. 2508, 2516 (2002). To be clearly established, the contours of the right must be clear enough that a reasonable official would understand his or her conduct was unconstitutional. There is no allegation that other inmates had received poor medical before Passmore or that Staton knew about such cases. Staton established a medical ward within the jail. He allowed contract medical doctors to provide health care to inmates. Inmates

5

needing medical treatment were taken to the medical ward and treated by health care providers under contract with Blount County. Staton is not a licensed medical doctor and had no duty to participate in, review, or overrule the treatment decisions of the jail's medical personnel. There is no case law establishing any precedent that would have provided "fair warning" to Staton that his acts and/or omissions under these circumstances were unconstitutional. Therefore, because Swann is unable to identify any clearly established law that provided fair warning to Staton, the amended complaint fails to state a claim against Staton. Staton is entitled to dismissal of Swann's claim against him in his individual capacity.

Because the court finds that Staton is entitled to qualified immunity on what has already been said it need not address Staton's technical argument that because the amended complaint is devoid of any allegations directly against Staton, it can only be read as attempting to impose vicarious liability on Staton.

By separate order, the court will grant Staton's motion to dismiss.

DONE this 22nd day of April, 2003.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE